THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MIGUEL ÁNGEL FERNÁNDEZ VÁZQUEZ, Defendant and Appellant.

No. 15364. Argued April 1, 1954.—Decided May 25, 1954.

*Enrique Báez García* for appellant.  *José Trías Monge, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The Prosecuting Attorney of the former District Court of Puerto Rico, Mayagüez Section, filed an information against Miguel Ángel Fernández Vázquez, the defendant, for the offense of carrying weapons, committed as follows: "the aforesaid defendant Miguel Ángel Fernández Vázquez, on or about June 4, 1951, and in Mayagüez, Puerto Rico, illegally, willfully and maliciously was carrying on his person, for the purpose of offense and defense, a knife, which is a deadly weapon with which serious bodily injury may be inflicted."

The case was heard jointly with an information for an attempt to kill, before a court without a jury, since defendant waived a trial by jury.  After evidence for the prosecution and for the defense was introduced, the trial judge found defendant guilty of the crime charged.

The defendant and appellant assigns the following error committed by the trial court: "the former District Court (now Superior Court) Mayagüez Section, committed manifest error of fact and of law and was moved by passion and prejudice in weighing the evidence . . . and in finding defendant guilty of . . . carrying a weapon."  The evidence showed that the defendant and appellant assaulted and battered the prosecutrix, Paquita Mercado Morales, with a knife, inflicting on her two incised wounds which penetrated her adipose tissue, that is, the layer of fat beneath the skin.

The manifest error of fact and of law committed by the trial court, as appears from defendant-appellant's brief, consisted in having declared that the evidence describing the weapon was sufficient.  The aggrieved party described the

weapon with which defendant had wounded her as a kitchen knife, "large-sized, about six inches wide, with a black handle."

Section 4 of Act No. 17 of January 19, 1951 (Spec. Sess. Laws, p. 426) "to regulate the possession, carrying, sale, and use of weapons in Puerto Rico; to define offenses and fix penalties; etc.", provides that "any person who possesses, bears or carries any weapon of the kind commonly known as blackjack, billy, or metal knuckles; and except when they are borne or carried on the occasion of their use as instruments proper of an art, sport, profession, occupation, or trade, any person who bears or carries any weapon of the kind commonly known as *knife*, dirk, dagger, sword, slungshot, sword cane, spear, jackknife, stiletto, icepick, or any similar instrument, including also safety razor blades and bludgeons when drawn, exhibited, or used in the commission of a public offense or in the attempt of such commission; *and any person who uses against another any of the weapons above named in this Section*, shall be guilty of a misdemeanor and if previously convicted of any violation of this Act, or of any of the offenses listed in Section 17 (*b*) hereof, shall be guilty of felony."

We do not believe that under § 4 as it now reads, the description of a knife used in an assault and battery against a person is important, unless a doubt arises from the evidence whether it is a folding pocketknife less than three inches long, § 44 (*d*) of the latter law, or an ordinary knife. *People v. Jiménez,* 74 P.R.R. 237, 240 (Snyder), (1952). We have studied the issue raised by defendant-appellant in the light of our former decisions and other weapon laws and we have found that a general description of the knife by one of the persons who witnessed the aggravated assault and battery, is sufficient to declare the aggressor guilty of the crime of carrying weapons. *People* v. *De Jesús,* 65 P.R.R. 877, 879 (Todd Jr.) (1946); *People* v. *Torres,* 50 P.R.R. 683, 685

(Córdova Dávila) (1936); *People* v. *Ríos*, 41 P.R.R. 759, 761 (Del Toro) (1931).

The judgment appealed from will be affirmed.

Mr. Chief Justice Snyder did not participate herein.